**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

SJH 11 LLC, a Delaware limited liability company,

    Plaintiff - Appellee,

v.

DOWBUILT, INC., a Washington corporation and John Does 1-10,

    Defendants - Appellants.

No. 25-8037
(D.C. No. 1:25-CV-00018-SWS)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ** and **FEDERICO**, Circuit Judges, and **ALLEN**, District Judge[**].
_____

During an arbitration between plaintiff SJH 11 LLC and nonparty SDI LLC—which is ostensibly owned by defendant Dowbuilt, Inc.—the arbitrator ruled that SJH was not required to arbitrate certain of its claims against Dowbuilt and instead could file those claims in a court of competent jurisdiction. After SJH filed this action, Dowbuilt moved to compel arbitration. The district court denied the motion and Dowbuilt appeals.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[**] The Honorable Ann Marie McIff Allen, United States District Judge for the District of Utah, sitting by designation.

We affirm. Contrary to Dowbuilt's strained interpretation of the arbitrator's order, the arbitrator did in fact determine that SJH is not required to arbitrate the claims at issue. Since the parties do not dispute that questions of arbitrability were delegated to the arbitrator, we are bound by that arbitrability ruling.

## Background

In 2021, SJH and SDI entered into two identical contracts related to the development of two properties in Jackson, Wyoming. Although the contracts were solely between SJH and SDI, SDI included a statement in each that it was doing business as Dowbuilt. The contracts required all disputes to be first mediated and then, if unresolved, arbitrated by the American Arbitration Association (AAA) in accordance with its Construction Industry Arbitration Rules.

SJH terminated the contracts in September 2022.[1] It refused to pay SDI's final invoices, and SDI filed for arbitration in November 2023. Referring to itself in its filings as either doing business as Dowbuilt or simply as Dowbuilt, SDI asserted claims for breach of contract and unjust enrichment. In February 2024, SJH answered and filed counterclaims against SDI for breach of contract, breach of the implied covenant of good faith and fair dealing, and conversion.

On December 6, 2024, SJH filed a motion under Construction Industry Arbitration Rule 9(a), which provides that "[t]he arbitrator shall have the power to

---

[1] SJH's complaint alleges that it did so because of what it viewed as SDI's suspicious billing practices. But its actual termination was for convenience based on a contract provision permitting SJH to "at any time, terminate the [c]ontract for [its] convenience and without cause." App. vol. 1, 93; *see also id.* at 129 (same).

rule on his or her own jurisdiction." App. vol. 2, 333. As relevant here, SJH's Rule 9 motion asked the arbitrator to make two findings: "(1) that the arbitration is limited to claims between the parties to the construction contracts (SDI . . . and SJH); [and] (2) [that] claims against Dowbuilt[,] . . . or any counterclaims or defenses in response to such claims, are outside the scope of this action." *Id.* at 373.

On December 18, the arbitrator conducted a telephone conference on SJH's motion. This conversation was not recorded or transcribed. According to Dowbuilt, "[t]he parties and the arbitrator agreed during the hearing that Dowbuilt would be joined to the [a]rbitration." App. vol. 1, 64. Dowbuilt emailed the arbitrator later the same day confirming its consent to join the arbitration. But SJH asserts that it never consented to Dowbuilt joining the arbitration with regard to every possible claim it might have against Dowbuilt; it merely acknowledged during the conference that some of its February 2024 counterclaims involved Dowbuilt's conduct. Indeed, SDI's counsel stated in a declaration that SJH did not share during the December 18 phone conference that it planned to assert new claims against Dowbuilt.

The next day, December 19, the arbitrator issued an order denying SJH's Rule 9 motion not on the merits but as "untimely under the provisions of the AAA Construction Industry Arbitration Rule 9[(c)]," *id.* at 150, which requires such motions to be submitted "no later than the filing of the answering statement," App. vol. 2, 333. The order noted SJH's statement "that some of its counterclaims were against Dowbuilt . . . , an entity distinct from [SDI]"; said that "the parties have treated SDI . . . and Dowbuilt interchangeably" throughout the arbitration; and noted

3

Dowbuilt's consent "to be a party in this arbitration for purposes of defending any claims that [SJH] has against it." App. vol. 1, 150.

On December 30, SJH filed amended counterclaims in the arbitration, seeking to add new fraud and other tort claims against Dowbuilt. The next day, SDI and Dowbuilt moved to strike the amended counterclaims as untimely. Later the same day, SJH replied, arguing that its amended counterclaims were, as "a matter of due process," required by the denial of its Rule 9 motion. *Id.* at 252. SJH stated it "did not agree to Dowbuilt . . . being a party, quite the contrary, and has not treated these two parties as interchangeable," despite SDI "taking the unusual approach of admitting SDI and Dowbuilt . . . are alter egos of one another." *Id.* SJH further argued that its additional, "separate" claims against Dowbuilt were "outside of the contract." *Id.* Adding Dowbuilt to the arbitration, SJH stated, "gets Dowbuilt . . . the benefit of not being pursued in . . . state or federal court." *Id.*

On January 2, 2025, the arbitrator issued an order striking SJH's amended counterclaims as untimely under Construction Industry Arbitration Rule 6(b), which provides that "[a]fter the arbitrator is appointed[,] no new or different claim or counterclaim may be submitted without the arbitrator's consent." *Id.* at 258 (quoting App. vol. 2, 332). The arbitrator described the December 19 order denying SJH's Rule 9 motion as an order "that [SJH's] pending claims against Dowbuilt, . . . as represented in [SJH's] counterclaim dated February . . . 2024, be included in this arbitration." *Id.* So, the arbitrator explained, SJH could still pursue its February 2024 counterclaims against Dowbuilt; it just couldn't assert any new claims in the

4

arbitration.

On January 7, SJH filed a motion for clarification, asking the arbitrator to "confirm" that the January 2 order didn't "prevent or otherwise preclude SJH from pursuing any and all new claims set forth in the [a]mended . . . [c]ounterclaim[s] against Dowbuilt . . . in a separate proceeding." *Id.* at 261. Dowbuilt opposed the motion, arguing in part that SJH's additional claims against it were "clearly within the scope of the [c]ontracts' arbitration provision[s]" and were therefore waived by SJH's failure to include them among the initial February 2024 counterclaims. App. vol. 2, 468.

The arbitrator issued an order clarifying the January 2 order on January 17, again characterizing the December 19 order on the Rule 9 motion as allowing SJH's February 2024 counterclaims to "proceed against both SDI . . . and Dowbuilt, . . . based on the representation by SJH that it had been proceeding in its counterclaims against both entities." App. vol. 1, 267. But the arbitrator determined that allowing the February 2024 counterclaims to proceed "d[id] not mandate that SJH is forced to arbitrate its [other] claims against Dowbuilt . . . in this arbitration or be precluded from ever asserting those claims." *Id.* That was so, the arbitrator reasoned, because "[t]here is no arbitration agreement between Dowbuilt . . . and SJH." *Id.* Thus, the arbitrator "ordered that SJH retains its right to pursue claims against Dowbuilt . . . that were not brought in its February . . . 2024 counterclaim[] in a court of competent

5

jurisdiction."[2] *Id.*

Two days later, SJH filed this action in federal district court against Dowbuilt, asserting claims for fraud, negligent misrepresentation, conversion, and unjust enrichment. Several months after that, Dowbuilt filed a motion to compel arbitration. The district court denied the motion to compel, ruling that it was bound by the arbitrator's decision that SJH's claims, to the extent they were not February 2024 counterclaims, weren't arbitrable. It additionally ruled that SJH had not consented to arbitration, that Dowbuilt's consent was insufficient on its own, and that equitable estoppel did not support compelling arbitration.

Dowbuilt appeals.[3] *See* 9 U.S.C. § 16(a)(1) (order denying motion to compel arbitration is immediately appealable).

**Analysis**

"We review de novo the decision of the district court to grant or deny a motion to compel arbitration." *Reeves v. Enter. Prods. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021). The parties agree on the applicable law. "Under the Federal

---

[2] Within hours of the January 17 order, Dowbuilt and SDI backpedaled and sought to consent to SJH's proposed amended counterclaims, which the arbitrator had previously struck as untimely at Dowbuilt and SDI's urging in its January 2 order. SJH opposed that attempt, stating it planned to "proceed[] with its claims against Dowbuilt . . . in a court of competent jurisdiction." App. vol. 2, 546. The arbitrator rejected Dowbuilt and SDI's belated consent, responding that as things stood, the scheduled hearing would consider only "the claims brought by SDI against SJH and the counterclaims made by SJH in its February . . . 2024 pleading against SDI and Dowbuilt." *Id.* at 542.

[3] The district court, as it's required to do, stayed proceedings below while this appeal is pending. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023). It appears that the underlying arbitration is stayed, as well.

Arbitration Act, parties to a contract may agree that an arbitrator rather than a court will resolve disputes arising out of the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019). "The Act allows parties to agree by contract that an arbitrator, rather than a court, will resolve threshold arbitrability questions[,] as well." *Id.* And crucially, "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract." *Id.* at 68. That's because "arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Id.* at 67.

Here, Dowbuilt accepts that SJH's contracts with SDI, by electing to apply AAA arbitration rules, delegated arbitrability questions to the arbitrator.[4] Dowbuilt also accepts that we would therefore be bound by the arbitrator's decision on that point. But according to Dowbuilt, the arbitrator never decided arbitrability. In support, Dowbuilt focuses on the third paragraph of the January 17 order, which states that SJH must continue arbitrating its February 2024 counterclaims against Dowbuilt but will not be "forced to arbitrate its [new] claims against Dowbuilt . . . *in this arbitration* or be precluded from ever asserting those claims." App. vol. 1, 267 (emphasis added). Dowbuilt interprets this language as a ruling that SJH can't bring its new claims "in *this* arbitration," *id.* (emphasis added), not a broader ruling about

---

[4] Dowbuilt also affirmatively asked the arbitrator to decide arbitrability. It argued, in response to SJH's clarification motion, that SJH's claims against it were waived because they were "clearly within the scope of the [c]ontracts' arbitration provision[s]." App. vol. 2, 468. In so doing, Dowbuilt asked the arbitrator to decide if SJH's claims were arbitrable.

the arbitrability of those claims—for instance, whether they are arbitrable in a separate arbitration proceeding.

But Dowbuilt's myopic focus on the third paragraph overlooks the remainder of the arbitrator's order. The second paragraph states that "[t]here is no arbitration agreement between Dowbuilt . . . and SJH." *Id.* And there would be no need to mention that fact if the arbitrator was not deciding arbitrability. And more importantly, the fourth and final paragraph of the January 17 order explicitly states "that SJH retains its right to pursue claims against Dowbuilt . . . that were not brought in its February . . . 2024 counterclaim[] *in a court of competent jurisdiction*." *Id.* (emphasis added). This is more than a conclusion that SJH's new claims against Dowbuilt can't be brought in this particular arbitration; it's a conclusion that SJH is not required to arbitrate its new claims against Dowbuilt.

The broader procedural context preceding the January 17 order corroborates that conclusion. SJH's initial Rule 9 motion sought to confirm that it could bring claims against Dowbuilt outside the arbitration. But at that time, SJH did not tip its hand that it planned to assert a new batch of noncontractual tort claims against Dowbuilt. In Dowbuilt's words, "SJH did not mention during the conference that it intended to assert new causes of action or to increase its damages claim against either SDI or Dowbuilt." *Id.* at 64. Thus, the discussion between the parties and the arbitrator at that time was limited to deciding whether SJH's existing February 2024 counterclaims could proceed against Dowbuilt in the arbitration. And the only question addressed in the December 19 order was whether "any claims" *then pending*

against Dowbuilt were properly within the scope of the arbitration. *Id.* at 150. The arbitrator answered that question in the affirmative, based on the parties, and especially SDI, treating Dowbuilt and SDI as alter egos.

Reading the December 19 order as limited to the February 2024 counterclaims likewise clarifies the untimeliness rationale of the January 2 order: preventing SJH from asserting *new claims* against Dowbuilt so close to the scheduled arbitration hearing. The January 17 order in turn confirms that the December 19 order was limited to SJH's February 2024 counterclaims. It describes that order as authorizing the "unusual situation" "that the counterclaims brought by [SJH] . . . would proceed against both SDI . . . and Dowbuilt." *Id.* at 267.

With this context, the January 17 order provided the requested clarification on the arbitrability of all SJH's proposed claims against Dowbuilt: the February 2024 counterclaims against Dowbuilt would remain in the arbitration, but the new claims were not required to be there. Despite Dowbuilt's protestations, that's an arbitrability ruling—SJH is not required to arbitrate its new tort claims against Dowbuilt. We therefore reject Dowbuilt's argument that the arbitrator didn't decide the arbitrability of SJH's claims against Dowbuilt.[5]

That is the end of the matter, given that Dowbuilt concedes both the factual

---

[5] Dowbuilt alternatively argues that the January 17 order is ambiguous regarding arbitrability, so we should remand to the arbitrator for clarity. For authority, it cites a case holding that remand to the arbitrator may be appropriate to clarify an ambiguous award. *See U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830 (10th Cir. 2005). But not only is the arbitrator's January 17 order not an award—it's also not ambiguous, as the discussion above illustrates.

proposition that the parties agreed to submit arbitrability questions to the arbitrator and the legal proposition that we lack the authority to override that agreement. To be sure, Dowbuilt additionally argues that SJH should be compelled to arbitrate its claims because it consented to do so and as a matter of equitable estoppel. But because these are arbitrability arguments, we decline to consider them. The arbitrator determined the arbitrability of the new claims, and we "may not decide an arbitrability question that the parties have delegated to an arbitrator." *Henry Schein, Inc.*, 586 U.S. at 69.

## Conclusion

Because the parties delegated arbitrability to the arbitrator and the arbitrator decided that SJH was not required to arbitrate its claims against Dowbuilt—with the limited, unusual exception of the February 2024 counterclaims already filed in the arbitration—we affirm the district court's order denying Dowbuilt's motion to compel and remand for further proceedings.

Entered for the Court

Nancy L. Moritz
Circuit Judge